**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

DELOIS JONES,

    Plaintiff, | CIVIL ACTION NO.: 2:15-cv-167

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

    Defendant.

## O R D E R

This matter is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. (Docs. 2, 6.) Plaintiff has submitted her requests to proceed *in forma pauperis* in this action on the proper form. The Court notes it has previously instructed Plaintiff that she failed to completely fill out each section of the form and instructed Plaintiff to fill out each section of this form. (Doc. 5.) Plaintiff complied with this Court's directive. (Doc. 6.) However, the Court still cannot ascertain whether Plaintiff has the ability to pay the requisite filing fee in this case based on her submission.

Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the Plaintiff submits an affidavit that includes a statement of all of her assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that she is entitled to redress. Plaintiff's filing is deficient in this regard, thus, she has failed to comply with all of the requirements under 28 U.S.C. § 1915. As such, the Court will defer ruling on Plaintiff's Application at this time.

While a plaintiff need not be absolutely destitute in order to proceed *in forma pauperis*, Adkins v. E.I. Dupont de Nemours, 335 U.S. 331, 339 (1948), the fact that financing her own litigation may cause some difficulty is not sufficient to relieve a plaintiff of her obligation to pay her own way where it is possible for her to do so without undue hardship.

Plaintiff contends she is unemployed and that she last received a salary in October 2013. (Doc. 6, p. 1.) Plaintiff also states she has no cash and has no money in a checking, savings, or any other type of account. (Id. at p. 2.) However, Plaintiff states she owns twenty acres of land, valued at more than $46,000.00, and a 1993 Pathfinder. (Id.) Plaintiff also asserts she paid taxes on this land in December 2015 and has a "note" in the amount of $978.62. (Id.)

Though Plaintiff complied with this Court's previous Order, the Court cannot ascertain whether she possesses resources sufficient to pay the filing fee. Thus, Plaintiff is faced with two options. She can either submit the requisite filing fee, or she may supplement her *in forma pauperis* application with an additional submission, signed under penalty of perjury, listing the amount of cash or other monetary assets she has. Based on what Plaintiff has submitted to the Court, she has expenses which have been paid from some source. The Court must ensure whether Plaintiff has the ability to pay for the expense of pursuing her litigation.

THEREFORE, IT IS HEREBY ORDERED that Plaintiff shall have **fourteen (14) days** from the date of this Order to correct the deficiencies in her filing. The Clerk of Court is **DIRECTED** to send Plaintiff a copy of an Application to Proceed Without Prepayment of Fees form with a copy of this Order. Plaintiff is instructed to carefully read and complete this form in its entirety. In addition, Plaintiff is instructed to provide the Court with any information relating to her ability to pay the filing fee.

**Should Plaintiff fail to complete and return the required documents by March 16, 2016, the Court will presume that Plaintiff does not intend to pursue this action and will dismiss this case without prejudice**.

**SO ORDERED**, this 2nd day of March, 2016.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA