**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

DELOIS JONES,

       Plaintiff,

       v.

NANCY A. BERRYHILL, Acting
Commissioner of the Social Security
Administration,[1]

       Defendant.

CIVIL ACTION NO.: 2:15-cv-167

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge John G. Farrell ("the ALJ" or "ALJ Farrell") denying her claim for a period of disability and disability insurance benefits. Plaintiff urges the Court to reverse the ALJ's decision and award her benefits. Defendant asserts the Commissioner's decision should be affirmed. For the reasons which follow, I **RECOMMEND** the Court **AFFIRM** the Commissioner's decision. I also **RECOMMEND** that the Court **DIRECT** the Clerk of Court to **CLOSE** this case.

## BACKGROUND

Plaintiff filed an application for a period of disability and disability insurance benefits on October 10, 2012, alleging that she became disabled on May 18, 2012, due to degenerative disc disease, lumbar spine issues, bursitis in her right hip, and diabetic neuropathy. (Doc. 16-2, pp. 28, 30.) After her claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. On August 13, 2014, ALJ Farrell conducted a hearing at which Plaintiff,

---

[1] The Clerk of Court is **DIRECTED** to amend the docket and record of this case to reflect the substitution of Nancy A. Berryhill as the Acting Commissioner of the Social Security Administration and as Defendant.

who was represented by counsel, appeared and testified. Ken Bennett, a vocational expert, also appeared at the hearing. ALJ Farrell found that Plaintiff was not disabled within the meaning of the Social Security Act ("the Act"). (Id. at p. 11.) The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Id. at p. 2.)

Plaintiff, born on June 30, 1958, was fifty-five (55) years old when ALJ Farrell issued his final decision. She has a college education. (Id. at p. 37.) Plaintiff's past relevant work experience includes employment as a school teacher, teacher's aide, and employment specialist. (Id. at p. 16.)

## DISCUSSION

### I.     The ALJ's Findings

Title II of the Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Act qualifies the definition of disability as follows:

> An individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]

42 U.S.C. § 423(d)(2)(A). Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person meets the definition of disability. 20 C.F.R. §§ 404.1520 & 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987).

The first step determines if the claimant is engaged in "substantial gainful activity."  Id. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id.  If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments.  Id. at 140–41.  If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three.  The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(d) & 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004).  If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled.  Yuckert, 482 U.S. at 141.

If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work, i.e., whether the claimant has the residual functional capacity to perform her past relevant work.  Id.; Stone v. Comm'r of Soc. Sec., 503 F. App'x 692, 693 (11th Cir. 2013).  A claimant's residual functional capacity "is an assessment . . . of the claimant's remaining ability to do work despite [her] impairments."  Id. at 693–94 (ellipsis in original) (quoting Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)). [2]  If the claimant is

---

[2]  In Barnhart v. Thomas, 540 U.S. 20, 28 (2003), the United States Supreme Court found the fourth step of the Social Security Administration's ("SSA") five-step evaluation process to be a reasonable construction of  42 U.S.C. § 423(d)(1)(A)'s definition of disability.  In Barnhart, the Third Circuit Court of Appeals disapproved of the fourth step.  Specifically, the Third Circuit construed Section 423(d)(1)A) to require that a claimant's previous work to be "substantial gainful work which exists in the national economy" in order to disqualify the claimant from receiving benefits.  Barnhart, 540 U.S. at 23.  The Supreme Court reversed the Third Circuit and held that the SSA reasonably interpreted the phrase "substantial gainful work which exists in the national economy" to only modify "other" work (i.e., work other than the claimant's previous work).  Id.  In reaching this conclusion, the Supreme Court afforded deference to SSA's statutory interpretation pursuant to Chevron, U.S.A., Inc. v. Natural Resources

unable to perform her past relevant work, the final step of the evaluation process determines whether she is able to make adjustments to other work in the national economy, considering her age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142.

In the instant case, the ALJ followed this sequential process to determine that Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of May 18, 2012, through the date of ALJ Farrell's decision on September 23, 2014.[3] (Doc. 16-2, p. 13.) At Step Two, the ALJ determined that Plaintiff had degenerative disc disease of the lumbar spine, bursitis of the right hip, and obesity, conditions considered "severe" under the Regulations. However, the ALJ determined that Plaintiff's medically determinable impairments did not meet or medically equal a listed impairment.[4] (Id.) ALJ Farrell also determined Plaintiff suffers from hypertension, diabetes, left shoulder impingement, and degenerative joint disease of the right knee but concluded these conditions were non-severe impairments. (Id. at p. 14.) The ALJ found that Plaintiff had the residual functional capacity, through the date of his decision, to perform work at the light exertional level, with the following exceptions: no climbing of ropes, ladders, or scaffolds; occasional climbing of ramps and stairs, kneeling, and crawling; no more than frequent balancing, stooping, and crouching; and avoiding concentrated exposure to

Defense Council, Inc., 467 U.S. 837, 843 (1984). Id. at 26–29. The soundness of Chevron deference has been repeatedly and compellingly questioned. See, e.g., Michigan v. EPA, ___ U.S. ___, 135 S. Ct. 2699, 2712–14 (June 29, 2015) (Thomas, J., concurring). However, the doctrine still stands as binding precedent that this Court must follow. Moreover, the Supreme Court's decision in Barnhart rested on textual rules of statutory interpretation, including the "rule of the last antecedent." 540 U.S. at 26–28. Thus, it appears that, even without resorting to atextual rules of construction, including Chevron deference, the SSA's five-step process comports with Congress' definition of disability.

[3] ALJ Farrell observed that Plaintiff worked after her alleged onset date, but her work activity and earnings levels did not rise to the level of substantial gainful activity. (Doc. 16-2, p. 13.)

[4] ALJ Farrell specifically noted Plaintiff did not meet Listing 1.04 (disorders of the spine) or Listing 1.02 (major dysfunction of a joint) because she can walk effectively and does not demonstrate any of the neurological deficits for Listing 1.04. (Doc. 16-2, p. 14.)

hazardous machinery and unprotected heights. (Id.) At the next step, ALJ Farrell concluded that Plaintiff was able to perform her past relevant work as a school teacher, teacher's aide, and employment specialist, as these jobs were not precluded by Plaintiff's residual functional capacity. (Id. at p.16.) Thus, the ALJ did not proceed to the fifth and final step.

## II.     Issue Presented

Plaintiff contends the ALJ erred by finding that she could return to her past relevant work. According to Plaintiff, the pain in her neck, back, hip, and legs makes it difficult to sit, stand, or walk for long periods of time. (Doc. 20, p. 3; Doc. 24, p. 3.)

## III.    Standard of Review

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Ingram v. Comm'r of Soc. Sec. Admin., 496 F. 3d 1253, 1260 (11th Cir. 2007). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards.

Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

**IV. Whether ALJ Farrell Erred in Determining Plaintiff can Return to her Past Relevant Work**[5]

Plaintiff contends she has been in several car accidents, and the pain she experienced as a result of these accidents has increased and continues to worsen. (Doc. 20, p. 2) Plaintiff asserts she has numbness and a stinging, burning sensation in her lower back and hip, which cause pain in her right leg. When she was able to go to the doctor, Plaintiff could obtain necessary medication for her pain. However, Plaintiff maintains she could not take these medications during the day because they made her drowsy. (Id. at p. 3.) Plaintiff alleges her neck makes a popping sound when she moves her head. Additionally, Plaintiff states sitting, standing, and walking for long periods of time are difficult for her.

Defendant contends the ALJ properly weighed the evidence to determine Plaintiff has the residual functional capacity to perform a reduced range of light work. (Doc. 24, p. 8.) Defendant maintains ALJ Farrell considered the entire record and included limitations in his residual functional capacity that encompassed all of Plaintiff's proven work-related limitations. Moreover, Defendant contends Plaintiff failed to prove she had greater work-related limitations than the ALJ found her to have. Thus, Defendant states, the ALJ properly determined at step four that Plaintiff could return to her past relevant work and was not disabled. (Id. at p. 12.)

"To support a finding that the claimant is able to return to her past relevant work, the ALJ must: (1) consider all the duties of that work and (2) evaluate the claimant's ability to perform them in spite of her impairments." Klawinski v. Comm'r of Soc. Sec., 391 F. App'x 772, 775

---

[5] Neither Plaintiff, who is proceeding *pro se*, nor Defendant characterized the ALJ's alleged error in this manner. However, the Court has construed Plaintiff's objection to the ALJ's findings in this manner, as Plaintiff obviously takes issue with ALJ Farrell failing to reach step five of the sequential process and failing to find her disabled within the meaning of the Act.

(11th Cir. 2010) (citing <u>Lucas v. Sullivan</u>, 918 F.2d 1567, 1574 n.3 (11th Cir. 1990)). A claimant seeking disability benefits bears the burden of proving that she cannot perform her past relevant work either as she performed it or as it is generally performed in the national economy. 20 C.F.R. §§ 404.1520(f), 404.1560(b)(3). "If the ALJ finds that the claimant cannot perform the functional demands and duties of her past job as she actually performed it, he will consider whether the claimant can perform the functional demands and duties of the occupation as generally required by employers throughout the national economy." <u>Scharber v. Comm'r of Soc. Sec.</u>, 411 F. App'x 281, 282 (11th Cir. 2011) (citing SSR 82–61, 1982 WL 31387 (1982)). The ALJ may consider the testimony of a vocational expert in determining whether the claimant still possesses the ability to perform her past relevant work. 20 C.F.R. § 404.1560(b)(2). "A vocational expert is an expert on the kinds of jobs an individual can perform based on his or her capacity and impairments." <u>Waldrop v. Comm'r of Soc. Sec.</u>, 379 F. App'x 948, 952 (11th Cir. 2010) (citing <u>Phillips v. Barnhart</u>, 357 F.3d 1232, 1240 (11th Cir. 2004)).

In determining that Plaintiff retained the residual functional capacity to continue her past relevant work as a teacher, teacher's aide, and employment specialist, ALJ Farrell found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were "less than fully credible[.]" (Doc. 16-2, p. 15.) ALJ Farrell noted that Plaintiff alleged at the hearing she could only sit for twenty (20) minutes, but she made that allegation after she had sat continuously at the hearing for forty (40) minutes without a sign of discomfort. In addition, the ALJ observed Plaintiff's allegations to the Social Security Administration in July 2013 that her physical impairments were "so debilitating that she could not stand for even 20 minutes." (<u>Id.</u>) The ALJ found Plaintiff's testimony at the hearing that she

7

could walk up to two miles twice a week until October 2013 undermined her previous statements to the Social Security Administration. Moreover, ALJ Farrell stated Plaintiff's treating physician "had significant doubts about her presentation[,]" because "'her pain seemed to be complete over exaggerated [sic] compared to physical findings.'" (Id. (internal citation omitted).) Finally, ALJ Farrell noted the objective evidence was not consistent with Plaintiff's alleged limitations.

In this regard, the ALJ noted that imaging studies revealed Plaintiff had multilevel degenerative changes with only minor compromise of the lateral recess, and these studies did not reveal any spinal cord stenosis or nerve root involvement at any level. ALJ Farrell also observed Plaintiff had a negative straight leg raise and no motor strength deficits, which were consistent with the lack of neurological abnormalities in the imaging studies. (Id. at p. 16.) While Plaintiff "routinely endorsed dysthesias in her left leg" and "altered sensation at L4-L5 on the right" in 2014, ALJ Farrell determined that these findings contrasted with findings of no sensory deficits elsewhere in the record. (Id.) The ALJ found the evidence of no sensory deficits more reliable because the imaging studies did not indicate nerve root irritation at a level to corroborate Plaintiff's claims of these sensory deficits. The ALJ additionally found the evidence of no sensory deficits more reliable because of "validity problems" with Plaintiff's presentation to doctors, indicating "validity problems" with any finding dependent on a subjective response by Plaintiff to a physical stimulus. (Id.) While imaging studies did reveal Plaintiff's degenerative disc changes of the lumbar spine, ALJ Farrell found no objective evidence to indicate Plaintiff's disc disease, right hip bursitis, and obesity caused greater limitations than those contained in the residual functional capacity he found her to retain.

ALJ Farrell additionally noted he gave the opinions of Plaintiff's treating physicians from February to August 2014 no weight, as each opinion carried a notation indicating that a particular

opinion was intended to describe Plaintiff's limitations for a short time. Further, the ALJ found the opinions themselves to be inconsistent with the "relatively normal examination findings" accompanying the opined limitations. (Id.) ALJ Farrell determined the consultative examiner's opinion that Plaintiff had mild to moderate limitations was afforded only "some weight" because it was too vague to be probative of Plaintiff's functional limitations. (Id.) However, the ALJ gave great weight to the opinions of the state agency medical experts, who opined Plaintiff could perform less than light work. In so doing, the ALJ noted the evidence revealed no neurological deficits, no motor strength loss, or significant range of motion limitations. Once again, ALJ Farrell stated the record lacked credible evidence to support Plaintiff's assertions of greater limitations than those the state agency medical experts found. (Id.)

In addition, ALJ Farrell looked to the vocational expert's testimony during the hearing in concluding Plaintiff could return to her past relevant work. Mr. Bennett identified work as a teacher, teacher's aide, and employment specialist as jobs at the light exertional level, although Plaintiff performed her work as a teacher's aide (or paraprofessional) at the heavy exertional level. The ALJ compared Plaintiff's residual functional capacity with the physical and mental demands of this work and found Plaintiff had the ability to perform these jobs as they are generally performed, based on Mr. Bennett's testimony. (Id. at p. 17.)

The ALJ's determination that Plaintiff could return to her past relevant work, as that work is generally performed, is supported by substantial evidence. In reaching this determination, ALJ Farrell relied on the relevant medical records, Plaintiff's function reports, the testimony of the vocational expert, and the testimony of Plaintiff. The ALJ gave specific reasons for affording certain portions of the record greater weight than other portions. Thus, this enumeration of error is without merit.

9

**V.     New Evidence**

Defendant notes Plaintiff submitted statements from several members of her church in support of her Brief.  Because this evidence was not before the ALJ or the Appeals Council, Defendant states it is "new evidence" for this Court's consideration.[6]  (Doc. 24, p, 12.) Defendant contends this evidence is new and non-cumulative but counters that it is nothing more than repetition of Plaintiff's subjective complaints about her symptoms, which the ALJ found to be not entirely credible.  Accordingly, Defendant maintains these statements are not material because they would not create a reasonable probability of changing the ALJ's determination. (Id. at p. 13.)  Defendant also maintains Plaintiff fails to show good cause for not submitting these statements to the ALJ or the Appeals Council and that these statements involve Plaintiff's health prior to the ALJ's decision.

> Pursuant to sentence six of 42 U.S.C. § 405(g):
>
> [t]he court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision[.]

Sentence six "provides the sole means for a district court to remand to the Commissioner to consider new evidence presented for the first time in the district court." Ingram v. Comm'r Soc. Sec. Admin., 496 F.3d 1253, 1267 (11th Cir. 2007).  To be entitled to a remand, "the claimant must show that (1) new, non-cumulative evidence exists, (2) the evidence is material such that a reasonable possibility exists that the new evidence would change the administrative result, and

---

[6]     Although Plaintiff does not allege the ALJ failed to consider this evidence in reaching his determination, this Court must look to this evidence to determine whether remand is warranted in light of Defendant's presentation.

(3) good cause exists for claimant's failure to submit the evidence at the appropriate administrative level." Gordon v. Soc. Sec. Admin., Comm'r, 625 F. App'x 512, 514 (11th Cir. 2015) (citing Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir. 1986)). "Accordingly, sentence six encompasses only those instances in which 'the district court learns of evidence not in existence or available to the claimant at the time of the administrative proceeding that might have changed the outcome of that proceeding.'" Id. (quoting Ingram, 496 F.3d at 1267) (quoting Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990)).

Plaintiff submitted letters from two (2) fellow church members and her three (3) children. (Doc. 20, pp. 5–10.) The letters from Plaintiff's fellow church members are dated August 13 and 14, 2016.[7] (Id. at pp. 5–6.) ALJ Farrell issued his opinion on September 23, 2014, (doc. 16-2, p. 17), and the Appeals Council denied Plaintiff's appeal on October 29, 2015, (id. at p. 2.) In these letters, the authors relay their observations as to the pain Plaintiff experienced. Assuming, *arguendo*, that these letters constitute new, non-cumulative evidence, this evidence is not material because a reasonable probability does not exist that ALJ Farrell or the Appeals Council would find in Plaintiff's favor. As set forth above, ALJ Farrell specifically discounted Plaintiff's allegations of pain and other disabling symptoms, and these letters provide no different reason for the ALJ to consider Plaintiff's allegations of disabling pain. Moreover, Plaintiff offers no justification for her failure to submit these letters to the ALJ or the Appeals Council. Thus, Plaintiff fails to meet the requirements for a sentence six remand, and any enumeration of error Plaintiff could raise for the failure to consider these letters at the administrative level fails.

---

[7] Although the letters from Plaintiff's children are not dated, the Court presumes these letters were written in or around August or September 2016, as Plaintiff filed her Brief on September 8, 2016.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** that the Court **AFFIRM** the decision of the Commissioner. I also **RECOMMEND** that the Court **DIRECT** the Clerk of Court to **CLOSE** this case.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 31st day of May, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA